## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Miguel Delgado**
**Petitioner Below, Petitioner**

**vs)**     **No. 15-0034** (Fayette County 14-C-339)

**David Ballard, Warden, Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

November 6, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Miguel Delgado, *pro se*, appeals the order of the Circuit Court of Fayette County, entered December 30, 2014, dismissing his petition for a writ of habeas corpus in which he alleged that prison officials retaliated against him for filing inmate grievances and monetary claims regarding lost, destroyed, or damaged property. Respondent David Ballard, Warden, Mount Olive Correctional Complex, by counsel Cynthia R. M. Gardener, filed a summary response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is an inmate at Mount Olive Correctional Complex ("MOCC"). On December 12, 2014, petitioner filed a petition for a writ of habeas corpus alleging that MOCC officials retaliated against him for filing inmate grievances and monetary claims in the West Virginia Court of Claims regarding lost, destroyed, or damaged property. The circuit court identified that petitioner's specific claims were the following: (1) petitioner's cell was "ransacked" during a search by correctional officers, resulting in petitioner's papers being "strewn all over the floor," a bar of soap being crushed, and a bottle of shampoo being broken and spilled; (2) two legal texts were impermissibly confiscated; (3) another prisoner, Inmate Connor, was not disciplined for refusing to return a portable CD player to petitioner; (4) petitioner was charged with violating disciplinary rule 2.18, which prohibits "trading and selling" by prisoners, based on the statement contained in a grievance that Inmate Conner refused to return his CD player; and (5) petitioner was not provided with sufficient notice of the continued hearing on the "trading and selling" charge when the hearing was rescheduled from August 5, 2014, to August 7, 2014.

1

In its order, entered December 30, 2014, the circuit court dismissed petitioner's habeas petition for a failure to state a claim on which relief can be granted, finding that petitioner's claims "concern routine discipline, safety, and security matters at MOCC[; thus,] it would be legally inappropriate and unwise for the Court to substitute its judgment for that of MOCC officials." The circuit court explained that none of the claims "rise to the level of constitutional violations, and [petitioner] is clearly not entitled to the relief requested[.]"

Petitioner now appeals the circuit court's December 30, 2014, order dismissing his habeas petition. We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 418, 633 S.E.2d 771, 772 (2006). We have previously found that, in order to state a retaliation claim against prison officials, a prisoner must set forth his allegations "with specificity." *State ex rel. Anstey v. Davis*, 203 W.Va. 538, 550, 509 S.E.2d 579, 591 (1998).

Preliminarily, petitioner contends that the five specific claims that the circuit court identified do not comprise the entirety of his complaint against MOCC officials. However, upon our review of petitioner's habeas petition (including attachments), it is difficult to distinguish: (a) petitioner's specific claims, (b) allegations made merely in support of the specific claims; and (c) background information that petitioner felt necessary to include. Given that the pleading standard established in *Anstey* requires specificity, we find that the circuit court did not err in addressing only those claims that it could readily distinguish from other information provided.

As to the five claims the circuit court identified, respondent first asserts that it is often necessary to break bars of soap and open shampoo bottles during a search of a prisoner's cell because such items are often utilized to hide contraband. "We must be careful not to substitute our judgment for that of prison administrators." *Nobles v. Duncil*, 202 W.Va. 523, 534, 505 S.E.2d 442, 453 (1998); *see O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349 (1987). Therefore, we determine that the circuit court did not err in rejecting this claim.

Second, in his habeas petition, petitioner informed the circuit court that he filed Case No. CC-14-1086 in the West Virginia Court of Claims requesting reimbursement for the confiscated legal texts and that the case was still pending. Because petitioner is litigating the claim about the confiscated books in another forum (that petitioner chose), we find that the circuit court did not err in declining to adjudicate that claim.

Next, based on the exhibits that petitioner provided the circuit court, Inmate Connor denied having petitioner's CD player and the player was not recovered during a search of Inmate Connor's cell. Thus, we determine that it was a lack of evidence—and not racial

discrimination[1]—that caused Inmate Connor not to be charged with a disciplinary rule violation. Therefore, we conclude that the circuit court did not err in rejecting this claim.

Fourth, petitioner admitted that he gave his CD player to another inmate. Disciplinary rule 2.18 provides, in pertinent part, that "[n]o inmate shall . . . receive or offer for trade, sale, *loan, gift*, or receipt any goods or services of any nature . . . with other inmates[.]" (emphasis added) While petitioner alleges that he gave Inmate Connor the player under duress, his allegations reflect that petitioner gave Inmate Connor the item because petitioner chose to do so based on Inmate Connor's alleged gang affiliation.[2] Therefore, based on petitioner's admission of guilt, we find that some evidence existed of petitioner's "trading and selling" in violation of disciplinary rule 2.18. *See Snider v. Fox,* 218 W.Va. 663, 666-67, 627 S.E.2d 353, 356-57 (2006) (standard for upholding disciplinary conviction requires only that some evidence exists to support it). Therefore, we find no error in the circuit court's refusal to overturn petitioner's disciplinary conviction.

Fifth, we determine that petitioner's claim that he was not provided with sufficient notice of the continued disciplinary hearing is subject to a harmless error analysis. *See* Division of Corrections Policy Directive 325.00 § I (policy directive regarding prison discipline "is intended to serve as broad guidelines" and "shall not be construed as vesting with any inmate a liberty or property interest greater than that, which is otherwise provided by law"). Policy Directive 325.00 provides, in pertinent part, that a disciplinary hearing may be continued for good cause, including "unavailability of inmate or staff." *Id.* §§ V-B-14(d) and (e). According to petitioner, the disciplinary hearing on his "trading and selling" charge began on July 29, 2014, at which time both the MOCC official making the charge and petitioner testified. After their testimony, the hearing was continued to August 5, 2014, in order to secure the testimony of other MOCC officials. Petitioner received notice of that continuance. However, the continued hearing did not occur on August 5, 2014, but on August 7, 2014. On August 7, 2014, Sgt. Shawn Ramsey testified that he did not work on August 5, 2014, and that petitioner had informed him that he was being "extorted" by Inmate Connor. Thus, while petitioner states that he was not notified of the rescheduling from August 5 to August 7, 2014, Sgt. Ramsey's testimony (a) establishes good cause for continuing the hearing to August 7, 2014; and (b) constitutes evidence favorable to petitioner's position. Thus, we determine that petitioner fails to show how continuing the hearing to August 7, 2014, prejudiced his rights. We find that even assuming, *arguendo*, that it violated procedure not to give petitioner notice of the hearing's rescheduling, it was harmless error. Therefore, we conclude that the circuit court did not err in rejecting this claim.

More generally, petitioner alleges that MOCC officials took various actions against him to retaliate for his filling inmate grievances and monetary claims in the Court of Claims regarding

---

[1]     Petitioner notes that he is Hispanic and Inmate Connor is white.

[2]     According to the grievance petitioner filed reporting the incident, Inmate Connor demanded that petitioner give him petitioner's CD player and petitioner did so in an effort "to keep the peace" rather than getting into a confrontation with Inmate Connor.

lost, destroyed, or damaged property. "Prison officials may not retaliate against an inmate because of the inmate's exercise of his right of access to the courts." *Anstey*, 203 W.Va. at 549, 509 S.E.2d at 590 (internal quotations and citations omitted). In *Anstey*, we noted that while a prisoner's exercise of his right to access to the courts should not be chilled, that right is not completely unfettered because of "the acknowledged propensity" toward abuse. *Id.* at 547, 509 S.E.2d at 588 (internal quotations and citations omitted). We note that according to petitioner, he is actively litigating one of the claims asserted in this case in a separate proceeding. Therefore, we cannot conclude that any of the alleged acts by MOCC officials has chilled petitioner's exercise of the right to access the courts and, accordingly, do not find any abuse of discretion in MOCC officials' decisions to take the actions they did. *O'Lone,* 482 U.S. at 349 ("evaluation of penological objectives is committed to the considered judgment of prison administrators" because it is prison administrators who have to "anticipate security problems and to adopt innovative solutions to the intractable problems of prison administration"); *see Nobles*, 202 W.Va. at 534, 505 S.E.2d at 453.

Because all of petitioner's allegations go to "routine discipline, safety, and security matters at MOCC," as found by the circuit court, respondent urges us to reject petitioner's request to remand this case to allow petitioner to amend his petition. We find that petitioner has had his opportunity to assert claims relating to these matters that rise to the level of constitutional violations, and petitioner has not done so. We refuse to remand this case so that petitioner can amend his petition.

For the foregoing reasons, we affirm the circuit court's dismissal of petitioner's habeas petition.

Affirmed.

**ISSUED**: November 6, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II